IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORRINE ADAMORE<br>(Dallas Cty. Jail Bookin No. 17016593),<br><br>Plaintiff,<br><br>V.<br><br>DALLAS COUNTY SHERIFF OFFICE,<br>ET AL.,<br><br>Defendants. | § § § § § § § § § § § § | No. 3:17-cv-2061-N-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE<br>UNITED STATES MAGISTRATE JUDGE**

The Court opened this *pro se* civil rights action by severing the claims construed as actionable under 42 U.S.C. § 1983 that Lorrine Adamore – a pretrial detainee at the Dallas County Jail (the "Jail") at the time she filed initially in this Court – included in her *pro se* habeas petition. *See Adamore v. Dallas Cty. Sheriff Office*, No. 3:17-cv-1077-N-BN (N.D. Tex. Aug. 3, 2017). And the new action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

**Applicable Background**

After this action was opened, the Court entered a notice of deficiency advising

-1-

Adamore that, if she "wishes to prosecute her civil rights claims, she must either file pay the statutory filing fee ($400.00) or move for leave to proceed *in forma pauperis* ("IFP") in this action" and warned her that failure to do either by a date certain "will result in a recommendation that the complaint be dismissed for failure to prosecute." Dkt. No. 5 at 1-2. Since then, orders sent by the Clerk of Court to Adamore at the Jail – the only address that she has provided the Court – have been returned as undeliverable because Adamore is no longer incarcerated there. *See* Dkt. No. 6; *see also* No. 3:17-cv-1077-N-BN, Dkt. No. 10 (return of order accepting findings, conclusions, and recommendation and judgment entered in Adamore's habeas action on August 3, 2017).

**Legal Standards and Analysis**

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*,

77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

By not updating her mailing address, Adamore has prevented this action from proceeding, leaving the impression that she no longer wishes to pursue the relief sought in her complaint. She therefore has failed to prosecute his lawsuit. And, as this Court has observed in a similar context, "'[w]here months pass without any contact by a plaintiff and all mail sent to a plaintiff within the same time period – at the only address plaintiff provides – is returned as undeliverable, the court has no option but to conclude that plaintiff has abandoned the prosecution of his lawsuit.'" *Davis v. Hernandez*, No. 3:12-cv-2013-L-BN, 2016 WL 335442, at *3 (N.D. Tex. Jan. 5, 2016) (quoting *Beck v. Westbrook*, No. 3:14-cv-2364-B, 2015 WL 7241377, at *2 (N.D. Tex.

Oct. 6, 2015), *rec. adopted*, 2015 WL 7196340 (N.D. Tex. Nov. 16, 2015)), *rec. adopted*, 2016 WL 320644 (N.D. Tex. Jan. 27, 2016).

Similarly, the Court should not let this action languish on its docket because there is no way to contact Adamore. She, moreover, will not be prejudiced by a dismissal of this action at this time – no filing fee has been assessed under the Prison Litigation Reform Act and no limitations issues are apparent based on the allegations she has made.

A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. The undersigned concludes that lesser sanctions would be futile; the Court is not required to delay the disposition of this case until such time as Adamore decides to update her contact information. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

**Recommendation**

The Court dismiss this action without prejudice pursuant to Federal Rules of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 23, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE